IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES RAY ANDREWS, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-112-M-BN |
| | § | |
| EARLE CABELL FEDERAL BUILDING, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

The *pro se* complaint filed by Plaintiff Charles Ray Andrews, Jr. against Defendant Earle Cabell Federal Building – the substance of which, in its entirety, alleges that Defendant "issu[ed to] [Plaintiff] false documents along with lies live & direct" – is before the undersigned United States magistrate judge for screening. For the reasons explained below, the undersigned recommends that Plaintiff's complaint be summarily dismissed.

**Background**

This complaint is just one of twenty complaints that Plaintiff filed *pro se* in the Dallas Division of the Northern District of Texas between November 4, 2014 and January 15, 2015. *See Andrews v. Dallas Police Department*, No. 3:14-cv-3913-G-BF (N.D. Tex.); *Andrews v. Bank of America*, No. 3:14-cv-3914-K-BN (N.D. Tex.); *Andrews v. City of Dallas*, No. 3:14-cv-3937-B-BH (N.D. Tex.); *Andrews v. Cheney*, No. 3:15-cv-81-D-BK (N.D. Tex.); *Andrews v. City Inn Suites*, No. 3:15-cv-82-D-BH (N.D.

Tex.); *Andrews v. Lone Star*, No. 3:15-cv-83-P-BN (N.D. Tex.); *Andrews v. Medical City, et al.*, No. 3:15-cv-92-B-BH (N.D. Tex.); *Andrews v. United States Post Office*, 3:15-cv-108-D-BH (N.D. Tex.); *Andrews v. State of Texas*, No. 3:15-cv-109-L-BK (N.D. Tex.); *Andrews v. Bilderberg Group*, No. 3:15-cv-111-N-BK (N.D. Tex.); *Andrews v. Earle Cabell Federal Building*, No. 3:15-cv-112-M-BN (N.D. Tex.); *Andrews v. Bush*, No. 3:15-cv-113-B-BF (N.D. Tex.); *Andrews v. Cricket*, No. 3:15-cv-117-M-BH (N.D. Tex.); *Andrews v. Buchanan*, No. 3:15-cv-118-D-BK (N.D. Tex.); *Andrews v. Dallas Water Utilities*, No. 3:15-cv-119-N-BF (N.D. Tex.); *Andrews v. Kissenger*, No. 3:15-cv-123-B-BK (N.D. Tex.); *Andrews v. Cornyn*, No. 3:15-cv-124-N-BF (N.D. Tex.); *Andrews v. Green Oaks*, No. 3:15-cv-138-L-BK (N.D. Tex.); *Andrews v. Richardson*, No. 3:15-cv-139-B-BN (N.D. Tex.); *Andrews v. Dallas Fire Rescue*, No. 3:15-cv-141-P-BH (N.D. Tex.).

To illustrate the strain on the Court's limited resources – particularly those of the Clerk's Office – caused by Plaintiff's frivolous filings, in just four days in January 2015 (January 12; January 13; January 14; and January 15), Plaintiff filed seventeen lawsuits in this Division of this Court.

As a consequence of this filing spree, Plaintiff first was banned from filing complaints in person in the Clerk's Office, *see Andrews v. Richardson*, No. 3:15-cv-139-B-BN, Dkt. No. 6 (N.D. Tex. Jan. 21, 2015), and then was barred from filing future *in forma pauperis* actions in this Court without first seeking leave, *see Andrews v. Kissenger*, No. 3:15-cv-123-B-BK, Dkt. No. 8 (N.D. Tex. Feb. 5, 2015).

**Legal Standards**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *see Shorts v. Chinese Restaurant*, Civil Action No. 10–1701, 2010 WL 3800894, at *1 (E.D. La. Aug. 31, 2010), *rec. adopted*, 2010 WL 3800907 (E.D. La. Sept. 20, 2010) ("In cases in which a plaintiff seeks to proceed without the prepayment of the required filing fee and attendant fees for service of process, courts have long had the authority to dismiss *in forma pauperis* complaints if satisfied that the claims asserted are frivolous or malicious." (citing Section 1915(e)(2)(B) and its predecessor statute) (emphasis added)).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). A complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-

06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss[,]" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of*

*Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

## Analysis

A plausible construction of Plaintiff's complaint is that it is directed at the office of the Clerk of Court, the office within the federal building with which Plaintiff interacted and – because of abusive behavior toward employees in that office – has been banned. *See Andrews v. Richardson*, No. 3:15-cv-139-B-BN, Dkt. No. 6 (N.D. Tex. Jan. 21, 2015) (issued in a lawsuit Plaintiff filed against an employee of the district clerk's office for "undermining me showing me my fathers name on my lawsuit papers and telling me it's not a big deal when that's not my name" – a claim very similar to the one Plaintiff alleges in this action).

Judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009). "Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted).

Similarly, court clerks "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) (quoting *Tarter v. Hury*,

646 F.2d 1010, 1013 (5th Cir.1981)). This quasi-judicial immunity extends to deputy clerks of court when they act as "explicitly commanded by a court decree or by the judge's instructions." *Id.* at 682. The Fifth Circuit has extended this doctrine to clerks of court who act under the directives and orders of the court. *See Small v. Dallas Cnty.*, 170 F. App'x 943, 944 (5th Cir. Apr. 10, 2006) (per curiam).

Even if the Court construes Plaintiff's threadbare allegation liberally, it is merely directed at the district clerk's office in its function as an extension of the judiciary. And, because Plaintiff has not complained of any action that is "nonjudicial in nature," his complaint should be dismissed with prejudice as frivolous. *Boyd*, 31 F.3d at 285.

Moreover, to the extent Plaintiff's complaint is not directed at the district clerk's office, it still should be summarily dismissed because Plaintiff has failed to "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that entitle him to relief. *Johnson*, 135 S. Ct. at 347.

### Recommendation

The Court should summarily dismiss Plaintiff's complaint.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 3, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE